J-S36038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD R. LAUDERMILCH JR. | : | |
| | : | |
| Appellant | : | No. 306 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 7, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000083-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD RAY LAUDERMILCH, JR. | : | |
| | : | |
| Appellant | : | No. 307 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 7, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000472-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD RAY LAUDERMILCH, JR. | : | |
| | : | |
| Appellant | : | No. 308 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 7, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001070-2023

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED: NOVEMBER 14, 2024**

Appellant, Donald Ray Laudermilch, Jr., appeals from the judgment of sentence of an aggregate term of 6 to 12 months' incarceration, imposed after he was convicted, in three separate cases, of driving while operating privilege is suspended or revoked, 75 Pa.C.S. § 1543. After careful review, we affirm.

We briefly set forth the facts of each of Appellant's three cases. First, in CP-38-CR-0000083-2023 (hereinafter "case 83-2023"), Appellant was driving a vehicle on September 22, 2022, when he was stopped for an inspection violation. During the stop, it was determined that Appellant's driver's license was suspended based on his being convicted of driving under the influence (DUI). Additionally, Appellant's driving record revealed that he had two prior convictions under section 1543(b) for driving while he had a DUI-related license suspension. Accordingly, Appellant was charged in case 83-2023 with two summary traffic violations, as well as driving while operating privilege is suspended or revoked pursuant to 75 Pa.C.S. § 1543(b)(1)(iii).[1]

---

[1] Section 1543 states, in pertinent part:

> **(a) Offense defined.--**Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.
>
> **(b) Certain offenses.--**

*(Footnote Continued Next Page)*

J-S36038-24

In CP-38-CR-0000472-2023 (hereinafter "case 472-2023"), Appellant was stopped on February 10, 2023, because the vehicle he was driving had two bicycles affixed to the rear of it, which were covering the vehicle's registration plate. The officer who stopped Appellant determined that his driver's license was suspended due to a past DUI offense, and that Appellant

---

(1) The following shall apply:

(i) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

(ii) A second violation of this paragraph shall constitute a summary offense and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for not less than 90 days.

(iii) A third or subsequent violation of this paragraph shall constitute a misdemeanor of the third degree and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $2,500 and to undergo imprisonment for not less than six months.

75 Pa.C.S. § 1543(a)-(b)(1)(iii).

- 3 -

had more than three prior convictions under section 1543(b). Accordingly, Appellant was charged in case 472-2023 with driving while operating privilege is suspended or revoked pursuant to 75 Pa.C.S. § 1543(b)(1)(iii).

In CP-38-CR-0001070-2023 (hereinafter "case 1070-2023"), Appellant was stopped on May 15, 2023, because the vehicle he was driving again had bicycles attached to the rear that were covering the vehicle's registration plate. During the stop, it was determined that Appellant's license was suspended for DUI, it was his third or subsequent violation of section 1543(b), and the vehicle's registration and insurance were expired. Additionally, Appellant was placed under arrest due to an outstanding warrant, and a search incident to his arrest revealed that Appellant had a small amount of marijuana and drug paraphernalia in his possession. Thus, Appellant was charged in case 1070-2023 with driving while operating privilege is suspended or revoked pursuant to 75 Pa.C.S. § 1543(b)(1)(iii), as well as drug offenses and two summary traffic violations.

On December 20, 2023, Appellant proceeded to a consolidated bench trial in his three cases, after which he was convicted of all charges. On February 7, 2024, Appellant was sentenced to an aggregate term of 6 to 12 months' incarceration, as well as fines and costs. He did not file any post-sentence motions. On February 26, 2024, Appellant filed timely notices of appeal in each case, which this Court consolidated *sua sponte*. Appellant also complied with the trial court's subsequent order to file a Pa.R.A.P. 1925(b)

concise statement of errors complained of on appeal, and the court filed a Rule 1925(a) opinion.

Herein, Appellant states three issues for our review:

1. If the statute 75 Pa.C.S. § 1543[] is constitutionally invalid [because Appellant's] license was suspended[,] DUI[-]related[,] when the notice of suspension begins on July 12, 2025?

2. Does the prosecution for a violation of 75 Pa.C.S. § 1543 constitute double jeopardy for [Appellant] when [he] was already serv[ing] the suspension for [the DUI] charge?

3. Was it proper, illegal, or unconstitutional for Pennsylvania Department of Transportation [(PennDOT)] to list [Appellant's] license [as] suspended related to [DUI] when he also had suspensions relating to 75 Pa.C.S. § 1533(a)?

Appellant's Brief at 2 (brackets added by Appellant omitted; some spacing altered).

Appellant's first and second issues are related and, thus, we will address them together. In Appellant's first issue, he claims that 75 Pa.C.S. § 1543 is unconstitutional based on "the indefiniteness of the license suspension classification." *Id.* at 5. Appellant's undeveloped argument to support this claim is confusing, at best. However, it seems Appellant is arguing that section 1543(b)(1) conflicts with section 1543(b)(2). Section 1543(b)(1) states that, *inter alia*, a person is guilty of an offense if they drive a motor vehicle when their operating privilege is suspended or revoked because of a DUI. Section 1543(b)(2) states:

This subsection shall apply to any person against whom one of these suspensions has been imposed **whether the person is currently serving this suspension or whether the effective date of suspension has been deferred** under any of the

- 5 -

provisions of section 1544 (relating to additional period of revocation or suspension). ***This provision shall also apply until the person has had the operating privilege restored.***

75 Pa.C.S. § 1543(b)(2) (emphasis added). From what we can glean from Appellant's cursory argument, he believes that it is contradictory for the statute to penalize driving while under a DUI-related suspension, but to also say that the statute encompasses driving even ***before*** the DUI-related suspension has taken effect, or after it has expired and before the person's operating privilege has been restored.

In Appellant's second issue, he confusingly contends that "it is double jeopardy for him to be tried for driving under a DUI suspension when he was already serving a suspension." Appellant's Brief at 10. Appellant states that he "believes that [his] being charged with driving under suspension of a DUI constitutes a double jeopardy" violation because "[h]e is being punished for the DUI which he received in 2018 and [served] a sentence of imprisonment." ***Id.*** at 11 (footnote omitted).

Appellant has waived these constitutional challenges for our review. Not only are his arguments not meaningfully developed,[2] but he also failed to raise either of these constitutional claims before the trial court. ***See*** Pa.R.A.P.

---

[2] ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Appellant does not point to where in the record of his trial or sentencing he challenged the constitutionality of sections 1543(b)(1) and (b)(2), or raised his double-jeopardy claim. Appellant also did not file any post-trial or post-sentence motions. "[C]onstitutional issues … are waived if they are not properly raised in the trial court." *Commonwealth v. Woods*, 909 A.2d 372, 379 (Pa. Super. 2006) (citations omitted). Thus, we conclude that Appellant's first and second issues are waived.[3]

In Appellant's third issue, he seemingly challenges the sufficiency of the evidence to prove that his license was suspended for a DUI violation at the time he committed his instant offenses. Specifically, Appellant claims that he was actually serving a non-DUI-related license suspension at the time he was driving in these three cases. Although Appellant admits that he committed DUI on January 26, 2019, and he was convicted of DUI in November of 2019, he argues that his DUI-related suspension for that offense did not commence until July 12, 2024. Thus, he insists that his license suspension in effect at

_____

[3] We mention that Appellant also seems to challenge, within his first issue, PennDOT's record-keeping methods, arguing that PennDOT impermissibly "changed his suspension to a DUI almost instantly after receiving the conviction in 2019 for his DUI[,]" despite that his DUI-related suspension did not commence until July of 2024. Appellant's Brief at 8. Again, this argument was not raised before the trial court and, thus, it is waived. *See* Pa.R.A.P. 302(a). Moreover, PennDOT is not a party to this action, and we have no power to order PennDOT to correct its records, or change its methods of record keeping, in this appeal from Appellant's judgment of sentence.

the time of his instant offenses was not DUI-related, and he should have only been charged with summary offenses under section 1543(a).

Even if we accepted Appellant's argument that the suspension in effect at the time of his instant offenses had to be DUI-related (despite the contrary language of section 1543(b)(2)), the record still does not support Appellant's argument. Notably, at Appellant's non-jury trial, he stipulated to the facts set forth in the affidavits of probable cause in each case. N.T. Trial, 12/20/23, at 12. More specifically, in case 472-2023, Appellant stipulated that, at the time of the vehicle stop, he told the officer his license suspension "was DUI related[,]" which "was confirmed by the officer." *Id.* at 15. In case 83-2023, Appellant stipulated that during the stop, "it was determined that [his] driver's license was suspended[,] DUI[-]related." *Id.* at 18. Finally, in case 1070-2023, Appellant stipulated to the fact that he admitted to the officer who stopped him that his license was suspended, and "[t]he officer then ran his information and confirmed that [Appellant] was driving on a DUI-suspended driver's license." *Id.* at 20, 21. Because Appellant stipulated in each case that he was driving when he had a DUI-related license suspension, his sufficiency challenge is meritless.

In sum, the issues raised by Appellant are either waived or meritless. Therefore, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2024